THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GARCIA, et al.,**<br>    **Plaintiffs,**<br><br>v.<br><br>**MUNICIPIO DE SAN JUAN AND SAN JUAN MUNICIPAL HOSPITAL, et al.,**<br>    **Defendants.** | **Civ. No. 22-cv-01307 (MAJ)** |

### OPINION AND ORDER

**I.    Introduction**

This case arises from an alleged medical malpractice stemming from treatment given to, Mr. Jesus Garcia ("Mr. Garcia"), at San Juan Municipal Hospital ("Municipal Hospital") from June 23, 2021, until July 4, 2021. Most relevant for purposes of the present motion are co-defendants, Dr. Ricardo Alan Hernández-Castillo ("Dr. Hernández") and Dr. Akbar Khan ("Dr. Khan"). Plaintiffs allege the co-defendants failed to provide adequate treatment to Mr. Garcia and that their negligent acts and omissions caused Mr. Garcia's death. *Id*. (**ECF No. 27**).

In turn, Dr. Hernández and Dr. Khan filed the present motion to dismiss, claiming they are immune from medical malpractice claims as government-employed physicians under the Puerto Rico Medico-Hospital Professional Liability Insurance Act (MHPLIA), P.R. Laws Ann. tit. 26, § 4105 (2017); (**ECF No. 52**). Accordingly, the co-defendants request the Court dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6).

Before the Court is also plaintiffs' Opposition to defendants' Motion to Dismiss. (**ECF No. 56**). In their opposition, plaintiffs put forward two reasons why Dr. Khan and Dr. Hernández are unable to shield themselves from liability based on statutory immunity. Plaintiffs assert that, for Dr. Khan, his employment contract with Municipal Hospital had expired when he treated Mr.

Garcia. (**ECF No. 56**). Therefore, plaintiffs claim that the expired employment contract prevents Dr. Khan from asserting immunity. *Id.*

For Dr. Hernández, plaintiffs allege that his employment contract with Municipal Hospital was not that of an employee but instead an independent contractor. As such, plaintiffs cite case law that supports the notion that only employees of a qualifying hospital are eligible for statutory immunity under the MHPLIA. According to plaintiffs, independent contractors receive no such benefit under the MHPLIA. For the reasons setforth below, the Court finds only Dr. Hernández can claim immunity from the medical malpractice allegations because he has made a sufficient showing that he satisfies the requirements of MHPLIA. *See* P.R. Laws Ann. tit. 26, § 4105 (2017).

## II. Standard of Review

### A. Motion to Dismiss Standard under Fed. R. Civ. P. 12(b)(6)

When addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Courts should "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff []." *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48-49 (1st Cir. 2009). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)'") (quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff is required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" to comply with the requirements of Rule 8(a). *Id.* at 570; *see e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's analysis occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662 (2009). "Context based" means that a plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, at 671-672 (concluding that

plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint [,]" discarding legal conclusions, conclusory statements, and factually threadbare recitals of the elements of a cause of action. *Iqbal*, at 678; *Mead v. Independence Ass'n*, 684 F.3d 226, 231 (1st Cir. 2012) ("Any statements in the complaint that are either legal conclusions couched as facts or bare bones recitals of the elements of a cause of action are disregarded.").

In the second step of the analysis, the Court must determine whether, based on all assertions not discarded in the first step, the complaint "states a plausible claim for relief." *Iqbal*, at 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or, instead, whether dismissal under Fed. R. Civ. P. 12(b)(6) is warranted. *Id*.

To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim for relief. *Doe v. Stonehill College, Inc.*, 55 F.4th 302, 316 (1st Cir. 2022). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 682 (citing *Twombly*, 550 U.S. at 567).

The First Circuit has warned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, at 12 (citing *Iqbal*, at 680); *see Twombly*, at 556 ("[A] well- pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.") (internal quotation marks omitted); *see Ocasio-Hernandez*, at 12 (citing *Twombly*, at 556) ("[T]he court may not disregard properly pled

factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29.

But a complaint that rests on "bald assertions" and "unsupportable conclusions" will likely not survive a motion to dismiss. *See Alston v. Spiegel*, 988 F.3d 564, 573 (1st Cir. 2021) (internal quotations and citation omitted). Similarly, bare factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596.

### B. Matters Outside of the Pleadings under Fed. R. Civ. P. 12(b)(6)

When a defendant raises an affirmative defense that is obvious on the face of plaintiff's pleadings, and the court makes its ruling based only on those pleadings, the motion is treated as a Rule 12(b)(6) motion to dismiss. *Fudge v. Penthouse Intern.,* 840 F.2d 1012, 1015 (1st Cir. 1988). If the court considers matters "outside" the pleadings, this converts the motion to one for summary judgment under Fed. R. Civ. P. 56; *Puerto Rican–American Ins. Co. v. Benjamin Shipping Co.,* 829 F.2d 281, 285 (1st Cir. 1987).

But "when a complaint's factual allegations are expressly linked to and admittedly dependent upon a document (the authenticity of which is not challenged) then the court can review it upon a motion to dismiss." *Arroyo-Audifred v. Verizon Wireless, Inc.*, 431 F. Supp. 2d 215, 218 (D.P.R. 2006) (citing *Diva's Inc. v. City of Bangor*, 411 F.3d 30, 38 (1st Cir. 2005)) *accord Perry v. N. England Bus. Serv., Inc.,* 347 F.3d 343, 345 n. 2 (1st Cir. 2003).

Put another way, at the motion to dismiss stage, a court may consider additional documents outside the pleadings, if a document is central to the plaintiff's claim, is sufficiently referred to in the complaint, or its authenticity is not disputed by the parties. *See Álvarez-Mauras v. Banco Popular*, 919 F.3d 617, 622–23 (1st Cir. 2019). Additionally, a court may consider: "(1)

'implications from documents' attached to or fairly 'incorporated into the complaint,' (2) 'facts' susceptible to 'judicial notice,' and (3) 'concessions' in plaintiff's 'response to the motion to dismiss.'" *Rivera v. Marriott Intl., Inc.*, 456 F. Supp. 3d 330, 335 (D.P.R. 2020) (quoting *Nieto-Vicenty v. Valledor*, 984 F. Supp. 2d 17, 20 (D.P.R. 2013)).

If a court decides to consider matters outside the pleadings, the materials effectively, "'merge[] into the pleadings.'" *Delaney v. P.R. Children's Hosp.*, 261 F. Supp. 3d 235, 237 (D.P.R. 2016) (quoting *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)).

In the case at hand, the co-defendants attached copies of their respective employment contracts with Municipal Hospital to their Motion to Dismiss. (**ECF No. 52-1,2**). While these documents are not expressly referred to in the pleadings, plaintiffs' Second Amended Complaint makes numerous factual allegations regarding the co-defendants' employment with Municipal Hospital for the purposes of substantiating a vicarious liability claim. *See* (**ECF No. 27 ¶ 171-174, 187, 196-7**).

Plaintiffs contend in their Opposition to co-defendants' Motion to Dismiss, the "exhibits incorporated in their Motion constitute matters outside the pleadings" and "[t]herefore . . . should be considered as a Motion for Summary Judgment.'" (**ECF No. 56**). The Court is not persuaded by plaintiffs' sparsely reasoned position. As mentioned, certain documents outside the pleadings can be considered at the motion to dismiss phase without converting into a motion for summary judgment. *See Álvarez-Mauras*, 919 F.3d 617, 622–23 (1st Cir. 2019); *Arroyo-Audifred*, 431 F. Supp. 2d 215, 218 (D.P.R. 2006). Plaintiffs have not set forth any arguments in their opposition disputing the authenticity of the employment contracts. To the contrary, plaintiffs point to the documents to bolster their argument that defendants should not receive statutory immunity under the **MHPLIA**. *See* (**ECF No. 56 at 1-7**).

In short, the co-defendants' employment contracts are: (1) expressly linked to plaintiffs' factual allegations; (2) central to plaintiffs' theory of the case; (3) plaintiffs do not dispute the authenticity of the contracts; and (4) plaintiffs' Opposition to the co-defendants' motion almost

entirely relies on the contracts to support their response. *See* (**ECF No. 27 ⁋ 171-4**, **187, 196-7; ECF No. 56 at 1-7**). Thus, the Court finds that the co-defendants' exhibits are fairly incorporated into the complaint to allow for review at the motion to dismiss stage. *Álvarez-Mauras*, at 622–23; *Perry,* 347 F.3d 343, 345 n. 2 (1st Cir. 2003); *see also Fudge v. Penthouse Intern., Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988) (upholding district court's decision to consider magazine article introduced by defendant in support of motion to dismiss, in part because, "plaintiffs did not and do not challenge the authenticity of the copy of the article submitted by defendant.")

### III. Analysis

#### A. Immunity pursuant to the MHPLIA

The Medical–Hospital Professional Liability Insurance Act ("MHPLIA" or "§ 4105") codified in 26 L.P.R.A. § 4105, provides that:

> No healthcare professional (employee or contractor) may be included as a defendant in a civil action for damages because of culpability or negligence arising from professional malpractice while said healthcare professional acts in accordance with his duties and functions, including teaching duties, as an employee of the Commonwealth of Puerto Rico, its agencies, instrumentalities, the Comprehensive Cancer Center of the University of Puerto Rico, and the municipalities.

P.R. Laws Ann. tit. 26, § 4105 (2017).

It has been clearly established that in construing a statute, a reviewing court must look first to the statutory language. "If the language is clear and unambiguous, judicial inquiry is at an end in all but the most extraordinary circumstances, and the court must give effect to the clear meaning of the statute as written." *Quiles Rodríguez v. Calderón*, 172 F.Supp. 2d 334, 339 (D.P.R. 2001), citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 112 S.Ct. 2589 (1992); *see also Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 201 (1976) (the language of a statute controls when sufficiently clear in its context and further inquiry is unnecessary). While the parties have not raised this issue, the Court finds the statute's wording clear and unambiguous.

As the First Circuit has said, "the immunity afforded to state doctors is not a personal defense but rather the inexistence of a cause of action." *Kenyon v. Cedeno-Rivera*, 47 F.4th 12, 18 (1st Cir. 2022) (internal citations and quotations omitted).

The Puerto Rico Supreme Court has construed the MHPLIA as containing three fundamental requirements for immunity: (1) the individual must be a healthcare professional; (2) the harm caused by his malpractice must have taken place in the practice of his profession; and (3) he must have acted in compliance with his duties and functions as an employee of the Commonwealth of Puerto Rico, its agencies, instrumentalities, and municipalities. *Flores Román v. Ramos González,* 127 D.P.R. 601, 606 (1990); *see also Torres Vargas v. Santiago Cummings,* 149 F.3d 29, 31–32 (1st Cir. 1998). *Hall v. Centro Cardiovascular De P.R.*, 899 F.Supp. 2d 106, 117 (D.P.R. 2012). Even more, for the immunity provision to apply, the healthcare professional must have been employed by a qualifying government instrumentality at the time he committed negligent malpractice. *Frances–Colón v. Ramírez,* 107 F.3d 62, 64 (1st Cir. 1997). *Hall*, 899 F.Supp. 2d 106, 117 (D.P.R. 2012).

### B. Immunity for Employees and Contractors under the MHPLIA

Previous versions of the MHPLIA distinguished between employees and contractors, with contractors not immune from suit.[1]

By contrast, following amendments to P.R. Laws Ann. tit. 26, § 4105, effective as of June 27, 2011, the MHPLI was amended to include contractors within the definition of healthcare professionals: "[n]o healthcare professional (employee ***or contractor***) may be included as defendant in a civil action for damages because of culpability or negligence arising from malpractice committed in the practice of his/her profession . . ." P.R. Laws Ann. tit. 26, § 4105

---

[1] *See Flores-Román v. Ramos*, 127 D.P.R. 601 (1990) (evaluating factors to consider in deciding whether a physician working for the Commonwealth or its instrumentalities is an independent contractor, and therefore immune from suit) and *Nieves v. Univ. of Puerto Rico*, 7 F.3d 270 (1st Cir. 1993) (same).

(2011) (emphasis added)[2]. The current version of P.R. Laws Ann. tit. 26, § 4105 (2017), retains that same relevant language that confers immunity to employees and contractors.[3] *See* P.R. Laws Ann. tit. 26, § 4105 (2017); P.R. Laws Ann. tit. 26, § 4105 (2011).

The statutory immunity granted to healthcare professionals clearly applies to "(employees and contractors)" of qualifying municipal hospitals. *See* P.R. Laws Ann. tit. 26, § 4105 (2017); *see also Hosp. San Antonio, Inc. v. Oquendo-Lorenzo*, 47 F.4th 1, 10 (1st Cir. 2022) (noting "the first two sentences of the statute [P.R. Laws Ann. tit. 26, § 4105] plainly immunize healthcare professionals from malpractice claims if they meet the listed professional criteria and work at one of the qualified facilities."); *Munoz-Vargas v. Laguer*, 14-cv-1597 (CVR), 2016 WL 406345, at *2 (D.P.R. Feb. 2, 2016); *see e.g., Rivera Rosa v. Centro Mas Salud Dr. Gualberto Rabell, Corp.*, 18-cv-1953 (DRD), 2021 WL 3025135, at *3 (D.P.R. July 16, 2021) (plaintiff conceding that immunity is granted to healthcare professionals that work as employees or **contractors** of hospitals that are owned by a Municipality); *Martínez v. Hosp. San Antonio*, 18-cv-1055 (DRD), 2019 U.S. Dist. LEXIS 241085, at *10-11 (D.P.R. May 9, 2019) (granting defendant doctors' motion to dismiss notwithstanding, doctors acted in "compliance with their duties and functions as **contractor** [sic] providing medical services") (emphasis added).

### C. Application to Instant Facts

Dr. Khan and Dr. Hernández contend that the immunity provided by the MHPLIA applies to them. (**ECF No. 52**). In support of this contention, both co-defendants argue that they were

---

[2] The MHPLIA, Section 41.050 of the Insurance Code, amended again in 2013, the legislature's statement of motives noted the amendment served to, "reincorporate immunity to healthcare professionals who are employees or **contractors** of the Commonwealth of Puerto Rico, the agencies and instrumentalities thereof . . ." (2013 Puerto Rico Laws Act 150 (S.B. 811) (emphasis added)).

[3] Following the 2011 amendment, additional revisions to P.R. Laws Ann. tit. 26, § 4105 altered the paragraph at issue. However, the substance largely remained the same. *Compare* P.R. Laws Ann. tit. 26, § 4105 (2011) ("[n]o healthcare professional (employee or contractor) may be included as defendant in a civil action for damages because of culpability or negligence arising from malpractice committed in the practice of his/her profession while said healthcare professional acts in compliance with his/her duties and functions . . ."), *with* P.R. Laws Ann. tit. 26, § 4105 (2017) ("[n]o healthcare professional (employee or contractor) may be included as a defendant in a civil action for damages because of culpability or negligence arising from professional malpractice while said healthcare professional acts in accordance with his duties and functions . . .").

acting within their duties as medical professionals for Municipal Hospital when they provided medical treatment to Mr. Garcia. Consequently, Dr. Khan and Hernández contend they enjoy absolute immunity from all medical malpractice claims concerning Mr. Garcia's medical treatment.

### 1. Dr. Khan

Both co-defendants submitted copies of their respective employment contracts along with the instant motion. (**ECF No. 52-1,2**). Yet, the employment contract between Dr. Khan and Municipal Hospital, through the Autonomous Municipality of San Juan, as plaintiffs rightly point out, had already lapsed by the time Dr. Khan provided medical services to Mr. Garcia. Specifically, Dr. Khan treated Mr. Garcia at Municipal Hospital on July 3, 2021, and July 4, 2021. But his employment contract had expired since December 31, 2020. Without documentation showing Dr. Khan was employed by Municipal Hospital at the time of the relevant events, the Court cannot find that Dr. Khan satisfies the third requirement of the MHPLIA. *See Torres Vargas*, 149 F.3d 29, 35-36 n.3 (1st Cir. 1998) (explaining Section 4105 immunity is an affirmative defense; therefore, defendant bears the burden of establishing and proffering evidence sufficient to establish employee status.) That is, Dr. Khan has failed to show a qualifying government hospital employed him between July 3, 2021, and July 4, 2021.[4]

### 2. Dr. Hernández

Plaintiffs oppose immunity for Dr. Hernández on separate grounds. As the professional services contract states, Dr. Hernández "is an independent contractor" and not an employee of the hospital. (**ECF No. 52-2**). According to plaintiffs, this makes him ineligible for statutory immunity. But plaintiffs rely on outdated case law to support their argument on this discrete issue.

In their Opposition to defendants' Motion to Dismiss, plaintiffs cite *Rodríguez Ruiz v. Hosp. San Jorge*, 169 DPR 850 (2007). According to plaintiffs, the Court noted that when

---

[4] There is no evidence in the record that Dr. Khan's contract was renewed and made retroactive to cover the relevant dates he treated Mr. Garcia.

determining immunity under Art. 41.050 of the Insurance Code, "'it is necessary to determine, in first place, the nature of the contractual relationship; and from it, will depend on whether the doctor is protected by the immunity, and therefore, if the dismissal of the complaint against him/her is proper.' (Unofficial translation)." *See* (**ECF No. 56**).

Notwithstanding plaintiffs' reliance on an unofficial translation of a Supreme Court of Puerto Rico decision, the line of cases distinguishing between employees and independent contractors is unsuitable for purposes of evaluating statutory immunity under section 4105. *See Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008) (explaining that the parties must provide certified translations of any Spanish-language documents on which they rely), *see e.g., Nieves v. University of Puerto Rico,* 7 F.3d 270 (1st Cir. 1993)*; Rivera v. Hospital Universitario,* 762 F.Supp. 15, 17 (D.P.R. 1991).

Indeed, as mentioned above, since 2011 amendments to MHPLIA § 4105 specifically applies to healthcare professionals, "employee[s] or contractor[s]" sued for "damages because of culpability or negligence arising from professional malpractice while said healthcare professional acts in accordance with his duties and functions . . ." *See* P.R. Laws Ann. tit. 26, § 4105 (2017); *Oquendo-Lorenzo v. Hosp. San Antonio, Inc.*, 256 F.Supp. 3d 103, 114–15 (D.P.R. 2017), *aff'd*, 47 F.4th 1 (1st Cir. 2022); *Carrasquillo-Serrano v. Municipality of Canovanas*, 991 F.3d 32, 43 n.2 (1st Cir. 2021); *Rivera Rosa*, 2021 LEXIS 133199, at *9 (D.P.R. July 16, 2021); *Martinez v. Hosp. San Antonio, Inc.*, 18-cv-1055 (DRD), 2019 WL 13106600, at *3 (D.P.R. May 9, 2019); *Munoz-Vargas v. Laguer*, 2016 WL 406345, at *2 (D.P.R. Feb. 2, 2016).

With that in mind, this Court finds Dr. Hernández has satisfied all three requirements for statutory immunity pursuant to § 4105. First, Dr. Hernández is a medical professional. Second, the harm allegedly caused by Dr. Hernández occurred during the practice of his medical profession. Third, he acted in compliance with his duties and functions as a contractor of the Municipal Hospital. *See Hall*, at 117.

Therefore, the Court concludes that, at this time, only Dr. Hernández has demonstrated he has immunity under Article 41.050 of the Insurance Code of Puerto Rico. *See* P.R. Laws Ann. tit. 26, § 4105 (2017).

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** defendants' Motion to Dismiss, with prejudice, in part, as it concerns Dr. Hernández. (**ECF No. 52**). However, the Court **DENIES** without prejudice, defendants' Motion to Dismiss, in part, as it concerns Dr. Khan. (**ECF No. 52**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of February 2023.

                                                   *s/ María Antongiorgi-Jordán*
                                                  MARIA ANTONGIORGI-JORDAN
                                                  UNITED STATES DISTRICT JUDGE