THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUCIA GARCIA**, *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> **MUNICIPIO DE SAN JUAN AND SAN JUAN MUNICIPAL HOSPITAL,** *et al.*, <br>     *Defendants*. | Civ. No. 22-cv-01307 (MAJ) |

### OPINION AND ORDER

**I.      Introduction**

Before the Court is a Motion for Reconsideration advanced by Dr. Gabriela Torres-Torres, ("Dr. Torres" or "Movant") and Dr. Kimberly Padilla, ("Dr. Padilla" or "Movant") (collectively "Movants"). (**ECF No. 51**). Movants seek a reexamination of the Court's Partial Judgment that granted Plaintiffs' Voluntary Dismissal in favor of the Movants, as former co-defendants to this action. (**ECF Nos. 47, 49, 50**). For the reasons stated below, the Court denies Movants' Motion for Reconsideration.

**II.     Background**

On September 16, 2022, Plaintiffs filed a Second Amended Complaint leveling allegations of medical malpractice against all Defendants. (**ECF No. 27**). On October 5, 2022, Dr. Torres moved for an extension of time to answer the Second Amended Complaint (**ECF No. 38**). The Court granted this request and gave Dr. Torres until October 31, 2022, to "answer the second amended complaint or otherwise plead." (**ECF No. 39**). On October 31, 2022, instead of answering the complaint, Movants filed a Motion to Dismiss. (**ECF No. 45**). However, their Motion included Spanish language

exhibits. *Id*. Consequently, Movants concurrently sought leave of the Court to submit these Spanish language documents, stating they would provide English language translations once they were received by Counsel. (**ECF No. 43**). The Court denied Movants' Motion for Leave regarding the Spanish language documents, but allowed Movants, along with their other co-defendants, until November 22, 2022, to refile the Motion to Dismiss "with all exhibits in the English language." (**ECF No. 46**).

Thereafter, Plaintiffs filed a Notice of Voluntary Dismissal against Movants, thereby dismissing them from the case without prejudice. (**ECF No. 47**). The Court granted this Voluntary Dismissal against Movants and entered a Partial Judgment dismissing them without prejudice. (**ECF Nos. 47, 49, 50**). Movants then filed the instant motion seeking reconsideration of the Partial Judgment pursuant to Fed. R. Civ. P. 59(e). (**ECF No. 51**). Plaintiffs filed an Opposition to Movants' Motion for Reconsideration. (**ECF No. 57**).

**III.      Discussion**

From the outset, it is dubious whether Movants possess the standing to bring forward a Motion for Reconsideration given that they have been dismissed from the case and therefore are no longer parties to the matter. (**ECF Nos. 47, 49, 50**). "Courts have routinely held that only *parties* have standing to bring motions for reconsideration under Rule 59(e)." *Givens v. Bowser*, 20-cv-0307, 2023 U.S. Dist. LEXIS 50956, at *7 (D.D.C. Mar. 26, 2023) (emphasis added) (citing *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 184 F.R.D. 506, 511 (S.D.N.Y. 1999).

Even assuming *arguendo* that Movants have standing to file a motion for reconsideration, "a district court may only grant a motion for reconsideration if the moving party demonstrates that there is: (1) newly discovered evidence that would change

the result, (2) the need to correct a manifest error of law or fact, or (3) an intervening change in the law." *Rosario-Mendez v. Hewlett Packard Caribe*, 660 F. Supp. 2d 229, 233 (D.P.R. 2009) (citing *Silva Rivera v. State Ins. Fund Corp.*, 488 F. Supp. 2d 72, 77 (D.P.R. 2007)). As a general rule, a motion for reconsideration is "an extraordinary remedy which should only be used sparingly." *Id.* (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)).

Movants contend that the Court improperly granted Plaintiffs' Notice of Voluntary Dismissal because Movants, "served an answer pursuant to FRCP 12, for which reason plaintiffs were not entitled under FRCP 41 to a dismissal of their action without a court order." (**ECF No. 51 at 2**).

However, as Plaintiffs aptly point out in their Opposition, Movants "never answered the Complaint." (**ECF No. 57 at 1**). Instead, they filed a motion to dismiss. (**ECF No. 45**). A motion to dismiss is not an answer for purposes of Rule 41(a).[1] *See e.g., Cruz-Mendez v. Hospital General Castaner, Inc.*, 637 F. Supp. 2d 73, 75-76 (D.P.R. 2009) ("[A] plaintiff's right of voluntary dismissal under Rule 41(a)(1) is not terminated by the filing of a Rule 12 motion to dismiss by the defendant, insofar as it does not constitute an answer to the complaint." (internal quotations and citations omitted); *Taite v. Peake*, 08-cv-0258, 2009 WL 94526, at *1 (D.N.H. Jan. 9, 2009) (unpublished) (citing *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 59 (1st Cir. 1990) (explaining a Rule 12(b) motion to dismiss is not a responsive pleading)). Additionally, a motion to dismiss is not considered a responsive pleading after a plaintiff files an amended complaint under Fed.

---

[1] To the extent Defendants argue they were entitled to 14 days to respond to the Notice, that is only applicable to motions filed. (**ECF No. 51 at 2**). Here, Plaintiffs had the unilateral right to voluntarily dismiss. They did so by filing a Notice—not a motion—pursuant to Rule 41(a). Accordingly, Defendants cannot rely on Local Rule 7 to argue they were entitled to 14 days to oppose Plaintiff's Notice of Voluntary Dismissal. *See* Local Rule 7(b) (allowing up to 14 days for a party to file an opposition to a *motion*).

R. Civ. P. 15. *See McDonald v. Hall,* 579 F.2d 120, 121 (1st Cir. 1978) ("Neither a motion to dismiss nor one for summary judgment is a responsive pleading for purposes of Rule 15(a)."); *Quinones-Pimentel v. Cannon*, 20-cv-1443, 2021 WL 4056305, at *3 (D.P.R. Jan. 22, 2021) (same).

Under Fed. R. Civ. P. 41(a)(1)(A)(i), "a plaintiff may dismiss an action without a court order 'before the opposing party serves either an answer or a motion for summary judgment.' This provision intends to preserve a plaintiff's right to unilaterally dismiss an action and, at the same time, limit that right to an early stage of the litigation." *United Sur. & Indem. Co. v. Yabucoa Volunteers of Am. Elderly Hous., Inc.*, 306 F.R.D. 88, 90 (D.P.R. 2015) (citing James W. Moore et al., Moore's Federal Practice § 41.33[1]). A dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) may be effective against fewer than all defendants. *See Cabrera v. Municipality of Bayamon*, 622 F.2d 4, 6 (1st Cir. 1980). Under Fed. R. Civ. P. 41(a)(1)(A)(i), "a voluntary dismissal by plaintiff of any particular defendant is available (without stipulation or court order) up until the time that *that* defendant answers or moves for summary judgment." *United Sur. & Indem. Co.,* 306 F.R.D. at 90 (emphasis in original) (quoting *Aggregates (Carolina), Inc. v. Kruse*, 134 F.R.D. 23, 25 (D.P.R. 1991)).

Here, Movants failed to file a responsive pleading or a motion for summary judgment before Plaintiffs moved to voluntarily dismiss. As such, Plaintiffs adhered to the precepts of Fed. R. Civ. P. 41(a)(1)(A)(i) and Movants' attempt to challenge that dismissal with their Motion for Reconsideration is unavailing.

Moreover, to the extent Movants use their Motion for Reconsideration as a disguised 12(b)(6) motion, the Court reminds Movants that motions for reconsideration are not to be used as "a vehicle for a party to undo its own procedural failures [or] allow a

party to advance arguments that could and should have been presented to the district court prior to judgment." *Palmer v. Champion Mortg.*, 465 F.3d 24 at 30.

In sum, Movants have not shown that the Court "committed a manifest error of law" justifying the grant of an "extraordinary remedy" that a motion for reconsideration calls for. *Palmer,* at 30. Therefore, the Court denies Movants' Motion for Reconsideration. (**ECF No. 51**).

## IV. Conclusion

For the reasons set forth above, the Court **DENIES** Movants' Motion for Reconsideration. (**ECF No. 51**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of June 2023.

S/ **MARÍA ANTONGIORGI-JORDÁN**
**United States District Judge**