THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUCIA GARCIA**, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>**MUNICIPIO DE SAN JUAN AND SAN JUAN MUNICIPAL HOSPITAL**, *et al.*,<br>    *Defendants*. | **Civ. No. 22-cv-01307 (MAJ)** |

**OPINION AND ORDER**

**I.   Introduction**

Before the Court is a Renewed Motion to Dismiss filed by Dr. Akbar Ahmed Khan ("Dr. Khan" or "Defendant") to dismiss the medical malpractice claims alleged against him by Plaintiffs, Lucia Garcia, *et al.*, ("Plaintiffs"). (**ECF Nos. 27, 65**).

After the Court denied Dr. Khan's previous Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), Defendant now contends newly discovered evidence justifies dismissal based on the same legal grounds he previously argued. (**ECF No. 65 at 2**). Specifically, Defendant contends that an employment contract submitted in support of his previous 12(b)(6) motion contained a translation error. *Id.* That mistake misstated the dates of his employment with San Juan Municipal Hospital ("Municipal Hospital"). *Id.* at 1. Now, with the corrected dates of his employment with Municipal Hospital, he asserts absolute immunity from Plaintiffs' malpractice claims as a medical professional employed by a qualifying medical facility under the Puerto Rico Medico Hospital Professional Liability Insurance Act ("the Act"). *See* Article 41.050 of the Puerto Rico Insurance Code, P.R. Laws Ann. tit. 26, § 4105. (**ECF Nos. 52, 65-1**).

As explained below, the Court finds that the newly offered contract translation materially alters the factual foundation upon which the Court previously denied Defendant's Motion. In light of this new evidence, along with legal arguments put forward in Defendant's previous dismissal motion, the Court finds Dr. Khan has established immunity under the Act. Accordingly, the Court **GRANTS** Defendant's Renewed Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and **DISMISSES** *with prejudice* Plaintiffs' claims against him.

## II. Discussion

Dr. Khan's renewed 12(b)(6) motion hinges on a corrected translation of the dates of his employment contract. (**ECF No. 65**). The initial translation erroneously indicated that his contract with Municipal Hospital expired before he treated Plaintiff. Without an active contract during the period the alleged malpractice occurred, Dr. Khan could not claim statutory immunity under the Act. *See* P.R. Laws Ann. tit. 26, § 4105.

The Court previously found that Dr. Khan established all but the third requirement for immunity under the Act. (**ECF No. 58 at 9**). The Court denied Defendant's previous motion without prejudice, explaining, "Dr. Khan [] failed to show a qualifying government hospital employed him between July 3, 2021, and July 4, 2021." *Id.* However, the corrected translation now shows that Dr. Khan's employment with the Municipality of San Juan was effective from July 1, 2021, to June 30, 2022, thus covering the period when Mr. Garcia was treated.[1] *See* (**ECF No. 65-1 at 6**).

---

[1] The previous translation mistakenly stated, "This Contract will enter into effect on July 1, 2020 until December 31, 2020." (**ECF No. 91-1 at 1**).

In response to an Order dated January 17, 2024 (**ECF No. 89**), requiring a sworn statement to clarify this translation error, Defendant submitted a Motion in Compliance including a Sworn Statement of Correction by the Translator. (**ECF No. 91**).

In light of the arguments previously put forward by Defendant and the new translation, the Court now finds Dr. Khan has sufficiently carried his burden in establishing all three requirements for immunity under the Act.[2] (**ECF Nos. 52, 65, 65-1**); *see Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 31–32 (1st Cir. 1998) (explaining Section 4105 immunity is an affirmative defense; therefore, defendant bears the burden of establishing and proffering evidence sufficient to establish employee status.). Accordingly, the Court finds Dr. Khan is immune from Plaintiffs' medical malpractice action under the Act and thus **GRANTS** the instant Motion.

## IV. Conclusion

In accordance with the legal arguments presented, the Court finds merit in the arguments raised in Defendant's Motion. Thus, Defendant's Renewed Motion to Dismiss is **GRANTED**. (**ECF No. 65**). All claims against Dr. Khan are **DISMISSED**, and this dismissal is *with prejudice*.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 26th day of January 2024.

**/s/ María Antongiorgi-Jordán**
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiffs had previously indicated their willingness to concede to Dr. Khan's Motion to Dismiss if Defendant's evidence was supported by a Sworn Statement from the Certified Translator. (**ECF No. 74 at 3**). Given the Court's receipt of Defendant's submission of the Sworn Statement of Correction by the Translator (**ECF No. 91-1**), Defendant has complied with Plaintiffs' stipulation which supports dismissal of the claims against Dr. Khan.